IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD COYER, *et al.*, | Case No.: 1-22-cv-00362 |
| Plaintiffs, | The Honorable Robert W. Gettleman |
| v. | |
| UNIVAR SOLUTIONS USA INC., *et al.*, | **FILED** |
| Defendants. | JUL 19 2022 SH |

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Todd Coyer, Karl Kisner, Lauryn Overbey, Lisa Solomon, and Sonny Pike (collectively, "Plaintiffs") respectfully submit this response to Defendants' Notice of Supplemental Authority ("Notice") (ECF No. 34) regarding the Sixth Circuit's recent decision in *Smith v. CommonSpirit Health*, No. 21-5964, 2022 WL 2207557 (6th Cir. June 21, 2022).

First, Plaintiffs respectfully submit that *CommonSpirit* was incorrectly decided and represents an aberration among decisions concerning challenges to retirement plan fiduciaries' monitoring process based on well-pled investment comparisons and other warning signs. Second, although Defendants characterize *CommonSpirit* as raising "similar claims," Notice at 1, they minimize the differences between this case and *CommonSpirit* and omit key context from the Sixth Circuit's holdings. Third, even if the Court were to accept the reasoning in *CommonSpirit*, it still would not counsel for dismissal in this case.

Defendants point to the Sixth Circuit's dismissal of claims based on comparisons of the Fidelity Freedom Funds ("Freedom Funds") to the Fidelity Freedom Index Funds ("Freedom Index Funds"). *See* Notice at 2. Unlike *CommonSpirit*, however, Plaintiffs here allege imprudence based on the consistent underperformance of the Freedom Funds as compared to

both the Freedom Index Funds *and* apt actively managed funds. While the Sixth Circuit specifically took issue with passively managed comparators that it found to have different "goals" and strategies," *CommonSpirit*, 2022 WL 2207557, at *5, Plaintiffs offer evidence of the weak performance of the Freedom Funds against several of the largest non-Fidelity managers in the TDF marketplace, all but one of which are actively managed. *See* Class Action Complaint 81 (ECF No. 1) ("Complaint"). Further, Defendants eventually replaced the Freedom Funds with the FIAM Index TDF suite, the collective trust version of Fidelity's passively managed TDF offering, indicating that the Freedom Index Funds were, in this case, an ideal comparator. Thus, the circumstances underlying the Sixth Circuit's holding are not analogous, as Defendants suggest.

Defendants also allude to the Sixth Circuit's apparent need for more information regarding the scope of recordkeeping services offered to the plan at issue. *See* Notice at 2; *CommonSpirit*, 2022 WL 2207557, at *6–*7. Defendants, however, conveniently ignore that the recordkeeping fees at issue here were *double to triple* the fees challenged in *CommonSpirit*. *Compare* Complaint ¶ 53 *with CommonSpirit*, 2022 WL 2207557, at *6. Moreover, the *CommonSpirit* court did not have the benefit of the detailed allegations pled in the Complaint explaining that large defined contribution plans, including the Plan, receive the majority of their recordkeeping services as part of a "bundled" arrangement that recordkeeping service providers can and do offer on a price-competitive basis. Complaint ¶¶ 35–40, 52. Perhaps more significantly, Defendants ignore that, unlike the complaint in *CommonSpirit*, the Complaint here sets forth specific comparisons of the Plan's fees to those of *eight* similar plans receiving the same services. Complaint ¶ 56 (embedding chart). These are just the sort of allegations the Sixth Circuit suggested were lacking in *CommonSpirit*.

Defendants also cite to the Sixth Circuit's purported "foresight over hindsight perspective" to argue that Plaintiffs did "not make a cognizable claim for imprudence" and that "there were prudent reasons to offer the Freedom Funds." Notice at 2; *CommonSpirit*, 2022 WL 2207557, at *5-6. But what Defendants refer to as "hindsight" here is in fact performance data and information available to Defendants in *real time* at the start of and throughout the Class Period, which would have been known or knowable to Defendants in real time and would have prompted inquiry and action from prudent fiduciaries. *See* Complaint ¶¶ 80–82.

Here, the Complaint clearly alleges sufficient facts regarding Defendants' retention of the Freedom Funds and the Plan's recordkeeping costs to support claims for breach of fiduciary duty. The Sixth Circuit's opinion in *CommonSpirit*, despite departing significantly from the majority of courts to evaluate similar claims at the pleadings stage, contemplated facts substantially less developed than the detailed allegations underlying Plaintiffs' claims here. Accordingly, *CommonSpirit* should not alter this Court's analysis or serve to support Defendants' Motion to Dismiss.

Dated: July 19, 2022

Respectfully submitted,

*/s/ P. Andrew Fleming*
P. Andrew Fleming
Andrew P. Shelby
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 516-5610
Facsimile: (312) 419-6928
Email: andrewf@novackmacey.com
ashelby@novackmacey.com

3

James E. Miller
Laurie Rubinow
Miller Shah LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
       lrubinow@millershah.com

James C. Shah
Alec J. Berin
John C. Roberts
Miller Shah LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
       ajberin@millershah.com
       jcroberts@millershah.com

Kolin C. Tang
Miller Shah LLP
19712 MacArthur Blvd.
Irvine, CA 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: kctang@millershah.com

Mark K. Gyandoh
Gabrielle Kelerchian
Capozzi Adler, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com
       gabriellek@capozziadler.com

Donald R. Reavey
Capozzi Adler, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

*Attorneys for Plaintiffs, the Plan and the Proposed Class*

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure and Rule 5.5 of the Local Rules of the Northern District of Illinois, I hereby certify that on July 19, 2022, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

/s/ P. Andrew Fleming
P. Andrew Fleming