# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD COYER, *et al.*, | |
| Plaintiffs, | Case No. 1:22 CV 0362 |
| v. | Judge Robert W. Gettleman |
| UNIVAR SOLUTIONS USA INC., *et al.*, | February 6, 2025 |
| Defendants. | |

---

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARDS OF ATTORNEYS' FEES, EXPENSES, AND CASE CONTRIBUTION AWARDS

---

Pursuant to the Court's Order Granting Plaintiffs' Motion for Preliminary Approval (ECF No. 94, the "Preliminary Approval Order"), Plaintiffs Todd Coyer, Karl Kisner, Lauryn Overbey, Lisa Solomon, and Sonny Pike (collectively "Plaintiffs") respectfully submit this Memorandum of Law ("Reply Memorandum") in further support of their Motions for Final Approval of Class Action Settlement and for Awards of Attorneys' Fees, Expenses, and Case Contribution Awards (ECF Nos. 97, 99, the "Motions") and to update the Court on the positive reception of the Settlement Class to the Settlement following execution of the Notice Plan.  Plaintiffs note that no party has opposed the Motions.

## I.      INTRODUCTION

The proposed Settlement represents a reasonable resolution of this thoroughly contested, years-long ERISA litigation and bears the hallmarks of a fair, reasonable, and adequate settlement warranting approval under Seventh Circuit law.  The Settlement was negotiated under the auspices of one of the country's most well-respected mediators of ERISA disputes after voluminous discovery and would provide $1,100,000 in immediate monetary relief to the Settlement Class (as well as certain relief related to the administration of the Settlement); it decidedly represents a substantial recovery relative to Plan's realistically recoverable losses.  On September 10, 2024, the Court entered the Preliminary Approval Order, which conditionally certified the Settlement Class on a preliminary basis, found the Settlement was sufficiently fair, reasonable, and adequate to warrant preliminary approval, and directed the distribution of notice to the Settlement Class.  Since then, notice has been distributed to nearly 15,000 Settlement Class members and **none** have objected to the Settlement or any of the related applications.  In addition, the Settlement and all related applications have been reviewed and approved by the

Independent Fiduciary retained on behalf of the Plan. Under these circumstances, the Court should find good cause to grant the Motions in their entirety.

## II.    BACKGROUND

Plaintiffs' memoranda in support of the Motions review the factual and procedural background of this matter. *See, e.g.*, ECF No. 100. This Reply Memorandum does not repeat the same background except to update the Court regarding the notice process and positive response of the Settlement Class.

### A.  The Settlement

The Settlement represents a very favorable result for the Settlement Class considering the substantial risks and challenges that Plaintiffs would face in proving liability and defeating Defendants' affirmative defenses and arguments in response, as well as the costs and delays of continued litigation, including the trial and potential appeals, which would occur absent the Settlement.[1] The Settlement was reached after more than two years of fulsome litigation, during which Plaintiffs and Class Counsel reviewed significant discovery, worked with experts, and engaged in motion practice to vigorously represent the interests of the Plan and the Settlement Class.

The Settlement provides that, in exchange for dismissal of the action and a tailored release of claims, Defendants will pay $1,100,000.00 into a Qualified Settlement Fund, to be allocated to Current Participants, Former Participants, Beneficiaries, and Alternate Payees of the Plan on a *pro rata* basis pursuant to the Plan of Allocation. *See* Settlement Agreement, ECF No. 88–2 §§ 1.39, 5.1–5.6. The Settlement Agreement also provides that Defendants will pay up to

---

[1]Indeed, absent Settlement, Plaintiffs would need to successfully appeal dismissal of the investment monitoring claim to obtain relief on that claim (for which the Settlement provides compensation).

$50,000.00 of the costs associated with administering the Settlement. *See* ECF No. 88–2 § 14.1. The Settlement Agreement and the proposed Preliminary Approval Order set forth the Notice Plan and describe Plaintiffs' anticipated requests for awards of attorneys' fees, litigation expenses, and case contribution awards, all of which have been preliminarily approved by the Court. At the Fairness Hearing, scheduled for February 13, 2025, members of the Settlement Class will have a chance to be heard if they have any objections.

The deadline to file written objections has passed and there have been no objections to any aspect of the Settlement.

### B. Class Notice

The Settlement Administrator has carried out the notice plan. Nearly 15,000 potential Class Members have received direct notice of the Settlement and, if applicable, a Former Participant Claim Form. *See* Supplemental Declaration of Cornelia Vieira Concerning the Mailing of the Settlement Notice and Former Participant Claim Form ("Supp. Vieira Decl.") at ¶ 4. In addition, the Settlement Administrator established a settlement website with information concerning the litigation, settlement, and claims process, as well as a toll-free number that Settlement Class members can call to obtain the same information. *See id.*, at ¶¶ 8–9. The Settlement Administrator employed reasonable measures to follow up with Settlement Class members whose initial mailings were returned and who had not submitted a claim by the date identified in the Preliminary Approval Order. *See id.*, at ¶¶ 4–7.

### C. Distribution of Settlement Fund and Reaction of the Settlement Class

The reaction of the Settlement Class has been overwhelmingly positive. More than 7,300 members of the Settlement Class will automatically receive the benefit of the Settlement and over 1,500 additional claims have been submitted. *See* Supp. Vieira Decl. at ¶ 11. Along with

this claims rate, **zero** objections have been submitted and the deadline for objections has passed. *See id.*, at 10. Instead, Class Counsel have fielded dozens of calls from members of the Settlement Class, who have overwhelmingly expressed approval of the Settlement. *See* Supplemental Declaration of Alec J. Berin ("Berin Decl.") at ¶ 3. Moreover, the Independent Fiduciary has reviewed all aspects of the Settlement and approved the Settlement on behalf of the Plan. *See* ECF No. 96. The Independent Fiduciary's determination is based on its review and analysis of the record and separate interviews of the parties' counsel by the Independent Fiduciary. *See* ECF No. 96.

### D. Application for Attorney's Fees, Litigation Expenses, and Case Contribution Awards

The exceptional result in this action was achieved because of the significant efforts of Plaintiffs and Class Counsel over the course of more than two years, during which they pursued this action on a contingent basis and received no payment of attorneys' fees or reimbursement of litigation expenses they incurred. The requested attorneys' fees are commensurate with the time and expenses that Class Counsel invested in the litigation—in fact, the requested attorneys' fees would result in a multiplier of less than *.6* applied to Class Counsel's total lodestar. Under the circumstances, the Independent Fiduciary has found the requested attorneys' fees and expenses are reasonable and should be approved approval. *See* ECF No. 96. Moreover, each of the requests is consistent with awards in similar ERISA class actions and warranted under Seventh Circuit authority.

### III. ARGUMENT

For all the reasons set forth in Plaintiffs' previous memoranda and considering the positive reception of the Settlement Class and Independent Fiduciary, meaningful benefits made

available by the Settlement, and to avoid the burden, expense, and uncertainty of continued

litigation, Plaintiffs respectfully submit the Court should grant the Motions.

### A.  The Proposed Settlement is Fair, Reasonable, and Adequate

Under the factors articulated by the Seventh Circuit, the Settlement is fair, reasonable,

and adequate and warrants final approval.  *See Synfuel Tech., Inc. v. DHL Express (USA), Inc.*,

463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby v. Bayh*, 75 F.3d 1191 (7th Cir. 1996)).  The

Settlement was negotiated after comprehensive fact discovery was completed and as the parties

were engaging in vigorous litigation, affording the parties the ability to realistically assess the

range of reasonable outcomes and optimal resolutions.  *See Schulte v. Fifth Third Bank*, 805 F.

Supp. 2d 560 (N.D. Ill. 2011) (citing *Synfuel Techs.*, 463 F.3d at 653) (finding likely complexity,

length, and expense of continued litigation point in favor in determining whether a class-action

settlement is fair, reasonable and adequate); *see also Great Neck Cap. Appreciation Inv. P'ship,*

*L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 410 (E.D. Wis. 2002) (finding

settlement is favorable when there is a prospect for a long and arduous trial and appeal process

with complex factual and legal issues); *see also In re Nat'l Collegiate Athletic Ass'n Student-*

*Athlete Concussion Inj. Litig.*, 332 F.R.D. 202, 219 (N.D. Ill. 2019) ("By agreeing to the

settlement, the settlement class eliminates the risks and expenses associated with years of

contentious litigation.").  Although Plaintiffs believe in the strength of their claims, the

Settlement would provide "substantial benefits to the class in an effective and equitable manner."

*Id.*, at 218.  Moreover, the report of the Independent Fiduciary provides an independent check

and confirmation of the fairness and adequacy of the Settlement, and each of the related

applications, from the Plan's standpoint.  *See* ECF No. 96; *see also* ECF No. 98, at 11.  The

relative recovery of the Settlement is substantial considering the Plan's realistically recoverable

losses.  *See* ECF No. 98, at 9–10.

5

## B. The Reaction of the Class is Extremely Favorable

Courts regularly infer the positive reaction of absent class members based on the absence of objections to a settlement. *See Schulte* 805 F. Supp. 2d at 586 (citing *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1021 (N.D. Ill. 2000), *aff'd*, 267 F.3d 743 (7th Cir. 2001)) (finding the fact that more than "99.9% of class members have neither opted out nor filed objections . . . is strong circumstantial evidence in favor of the settlement"); *see also In re Advocate Aurora Health Pixel Litig.*, 740 F. Supp. 3d 736, 749 (E.D. Wis. 2024) ("Not many class members have voiced opposition to the settlement, which is another factor in favor of settlement approval.").

In this case, SCS distributed direct notice to nearly 15,000 members of the Settlement Class and not one objection was filed, demonstrating the positive attitude of Settlement Class members toward the Settlement. In addition to the lack of objections to the Settlement, there have been no objections to the requested attorneys' fees, litigation expenses, or case contribution awards. *See* Supp. Viera Decl. at ¶ 10; *see also Ford v. Sprint Comm's Co. L.P.*, 2012 WL 6562615, at *4 (W.D. Wis. Dec. 14, 2012) ("The absence of objections or disapproval by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *M&N Suits Farms, Inc. v. Sprint Commc'ns Co. L.P.*, 2012 WL 13028661, at *3 (S.D. Ind. Nov. 16, 2012) (similar).

In sum, the positive reaction of the Settlement Class to each aspect of the Settlement and the related applications weighs in favor of granting the Motions.

## C. The Request for Attorneys' Fees Should Be Approved

Under the Seventh Circuit's preferred percentage-of-the-fund approach, which mirrors the contingency agreement reached among Plaintiffs and Class Counsel, Plaintiffs' request for 25% of the Settlement Fund should be approved. *See* ECF No. 100 at 8; *see also Sutton v.*

6

*Bernard*, 504 F.3d 688, 693 (7th Cir. 2007) (directing district court on remand to consult the market for legal services to arrive at a reasonable percentage); *Kolinek v. Walgreen Co*., 311 F.R.D. 483, 500–01 (N.D. Ill. 2015) (citing *Cook v. Niedert*, 142 F.3d 1004, 1013 (7th Cir. 1998)) ("[O]ne common method of choosing between the percentage and lodestar approaches is to look to the calculation method most commonly used in the marketplace at the time such a negotiation would have occurred."); *Hale v. State Farm Mut. Auto. Ins. Co*., 2018 WL 6606079, at *7 (S.D. Ill. 2018); *see also* Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical L. Stud. 811, 814 (2010) ("Most federal judges chose to award fees by using the highly discretionary percentage-of-the-settlement method.").

Indeed, the requested fees of 25% are less than the market rate for similar contingent fee arrangements recognized by the Seventh Circuit. *See Martin v. Caterpillar Inc*., 2010 WL 11614985, at *2 (C.D. Ill. Sept. 10, 2010) (quoting *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998)) ("The Seventh Circuit itself has specifically noted that 'the typical contingent fee is between 33 and 40 percent.'"). "When the 'prevailing method of compensating lawyers for 'similar services' is the contingent fee, then the contingent fee is the market rate." *Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986) (original emphasis). Particularly, this approach is appropriate for complex ERISA litigation. "A fee of one third of the common fund is 'the market rate for settlements of this size and in settlements concerning this particularly complex area of law,' and courts routinely award that percentage to class counsel in ERISA cases." *Allegretti v. Walgreen Co.*, 2022 WL 484216, at *1 (Jan. 4, 2022); *accord Will v. Gen. Dynamics Corp.*, 2010 WL 4818174, at *3 (S.D. Ill. Nov. 22, 2010). Here, the requested fee of 25% is based on a reasonable baseline percentage that accounts for the complexity of this case, the work that Class Counsel undertook, the skill and quality of Class Counsel's representation.

7

As explained in Plaintiffs' opening memoranda, the factors traditionally analyzed in the context of common fund fee requests support the request. *See* ECF No. 100, at 8–12. Most notably, the Settlement represents a substantial portion of losses incurred by the Plan, compares favorably to settlements in analogous ERISA cases, and was achieved by the efforts of Class Counsel for over two years with a substantial risk of nonpayment. *See id.*, at 9–10; *see also Barcenas*, No. 1:22-cv-00366, ECF No. 73, at 3 (N.D. Ill. Jan. 19, 2023) (awarding requested fees on analogous grounds). Courts around the country find that the factors met here support fees awards of one-third or more of gross settlement amounts. *See In re Biogen, Inc. ERISA Litig.*, No. 1:20-cv-11325-DJC, ECF No. 128, at 7 (D. Mass. Jan. 24, 2024) (awarding attorneys' fees amounting to one-third of settlement fund); *Garthwait v. Eversource Energy Servs. Co.*, No. 3:20-cv-00902-JCH, at ECF No. 205, at 7 (D. Conn. Sept. 27, 2023) (same); *Kelly v. John Hopkins Univ.*, 2020 WL 434473, at \*3 (D. Md. Jan. 28, 2020) (finding the "great weight of authority" justified an award of attorneys' fees of one-third of a common fund); *In re Marsh ERISA Litigation*, 265 F.R.D. 128, 149 (S.D.N.Y. Jan. 29, 2010) (similar). Plaintiffs' request is consistent with the preferred method for analyzing fee requests and is in line with the "great weight of authority" in ERISA class actions. *Kelly*, 2020 WL 434473, at \*3.

Plaintiffs' requested fees are also reasonable compared to the lodestar calculation of time expended at reasonable billing rates, adjusted by a multiplier for the complexity of this ERISA class litigation. In total, Class Counsel has spent over 850 hours litigating this action to date, resulting in a total lodestar of $465,000, based on the attorney and paraprofessional time expended at reasonable market rates. *See* ECF No. 100, at 5. The requested fee amount represents a multiplier of less than *.6* applied to Class Counsel's lodestar. This does not include additional time that will be spent supervising the remainder of the settlement administration

process. *Id.* The lodestar cross-check is intended solely to determine whether a proposed fee award is within a reasonable multiplier, like here, and should not disqualify an otherwise valid percentage recovery. *Id.*, at 11 (collecting cases).

\*    \*    \*

The Settlement (and each of the related applications) should be finally approved, not only because it is both procedurally and substantively fair under the factors articulated *Synfuel Tech.*, but also because it has received decidedly positive reception from Settlement Class members. *See In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d at 1021. Beyond the lack of any objections to the Settlement itself, there have been no objections to the request for attorneys' fees, expenses, or case contribution awards for Plaintiffs. Likewise, the Independent Fiduciary has reviewed each of the related applications and approved of the same of behalf of the Plan. *See* ECF No. 96; *see also Will*, 2010 WL 4818174, at *3 (finding independent fiduciary approval of requested attorneys' fees supported award). The reaction of the Settlement Class and the Independent Fiduciary, as well as each of the other relevant factors, support approval of the Settlement and related applications.

## IV.    CONCLUSION

The Court should grant the Motions in their entirety.

Dated: February 6, 2025

Respectfully submitted,

/s/ James E. Miller
James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
        lrubinow@millershah.com

9

James C. Shah
Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
        ajberin@millershah.com

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

*Attorneys for Plaintiffs, the Plan,
and the Settlement Class*